UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE GOMEZ, individually and on behalf of others similarly situated | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:16-CV-02035 |
| v. | § § | DEMAND FOR JURY TRIAL |
| ROCKWATER ENERGY SOLUTIONS, INC. and ROCKWATER MID-CON, LLC | § § § § | |
| Defendants. | | |

___

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT
___

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Rene Gomez, individually and on behalf of other former or present employees, complaining against Defendants Rockwater Energy Solutions, Inc. and Rockwater Mid-Con, LLC (collectively "Rockwater" or "Defendants", to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§ 201, *et seq.* (the "Act" or "FLSA")]; and Rene Gomez, individually, complaining of retaliation and tortious interference; and would respectfully show the Court the following:

## PARTIES

1. Plaintiff Rene Gomez is a citizen of the United States and resident of Oklahoma. Plaintiff Rene Gomez was employed as a well tester by Rockwater Energy Solutions, Inc. and

Rockwater Mid-Con LLC. His consent to be a plaintiff in this collective action is attached as Exhibit "A" to Plaintiff's Original Complaint.

2. The class of similarly situated employees, also referred to as "potential opt-in plaintiffs", sought to be certified under 29 U.S.C. § 216(b), is specifically defined as "all current and former employees of Defendant Rockwater Energy Solutions, Inc. and Rockwater Mid-Con LLC and/or predecessor companies of said entities, that held positions of well tester, or similar job positions that included similar job duties, from at least July 11, 2013 through the present."

3. Defendant Rockwater Energy Solutions, Inc.is a foreign for-profit corporation doing business in Houston, Harris County, Texas. This Defendant has been served with process and appeared before the Court.

4. Defendant Rockwater Mid-Con LLC is a foreign for-profit corporation doing business in Houston, Harris County, Texas. This Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**RELATION BACK TO DATE OF FILING OF THE ORIGINAL COMPLAINT**

5. This amendment names Rockwater Mid-Con LLC as an additional defendant. The amendment includes claims that arose out of the conduct and occurrence set forth in Plaintiff's Original Complaint as to Rockwater Energy Services, Inc. and Rockwater Mid-Con LLC.

6. Rockwater Mid-Con LLC received such notice of the action within 90 days of filing of the original complaint and will not be prejudiced in defending the case on its merits.

7. Within 90 days of filing of the original complaint, Rockwater Mid-Con LLC knew or should have known that the action would have been brought against it, but for a mistake concerning its identity.

8. This amendment should relate back to the date of the original complaint pursuant to Federal Rules of Civil Procedure 15(c)(1).

## JURISDICTION AND VENUE

9. Jurisdiction of this action is conferred on this Court by Section 216(b) of the FLSA, and by the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

10. The Court has personal jurisdiction over Defendants, who, at all relevant times, either resided, was found, had an agent, or transacted substantial business in the state of Texas, including the Southern District of Texas.

11. Venue is proper in the Houston Division for the Southern District of Texas because the Defendants reside in this Division and District, pursuant to 28 U.S.C. §§ 1391(b)(1) and 1392(c)(2).

## FLSA COVERAGE

12. Defendants were and are employers of well testers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d) in Texas, Oklahoma and other parts of the United States. Defendants employed, paid, supervised, and controlled Plaintiff and potential opt-in plaintiffs in both Texas, Oklahoma and other parts of the United States.

13. Plaintiff Rene Gomez was Defendants' employee with the meaning of the FLSA, 29 U.S.C. § 203(e). Further, any potential opt-in plaintiffs were or are Defendants' employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

14. Defendants were and are part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. Defendants were and are part of an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants had, and/or continue to have employees, including other similarly situated employees, engaged in commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Further, Defendants have and had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

16. Plaintiff Rene Gomez and similarly situated employees were and/or are individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207 and as defined in 29 U.S.C. § 203.

## NATURE OF THE CASE AND FACTS REGARDING FLSA ALLEGATIONS

17. This is a collective action to recover overtime wages brought under the FLSA. Plaintiff Rene Gomez brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

18. Defendants provide products and services for the oil and gas industry, including such operations as directional drilling, measurement while drilling, and well completions. Those products and services include fluids solutions to the water, stimulation, fracturing, fluids and production needs of oil and gas companies in the United States and Canada.

19. Plaintiff Rene Gomez and other similarly situated employees worked for Defendant as well testers in Defendants' oil and gas service operations in Oklahoma, Texas and other parts of

the United States. His duties included waiting during fracturing operations in case it was necessary to flow back the well and checking well head pressures after the fracking operations were completed. After fracking operations, he would adjust the flow back chokes to maintain a certain rate of flow back fluids. He would maintain flow rates during the drill out process for plugs in the well and check to verify that the plug catcher would not get obstructed. After plugs were drilled out, he would monitor and verify the flow from the well until there was enough gas to run production equipment. In the flow back process, Rockwater would bring sand separators to the location. Plaintiff and those similarly situated would assist in the rigging of this equipment. After there was enough gas to run production equipment, Plaintiff and similarly situated employees would open the valves to the production equipment and adjust the manual choke for flow rate. Following this, they would monitor the separating equipment, tanks and monitor compressors, if on location. Manual labor was a major part of the work of Plaintiffs and those similarly situated. On occasion, Plaintiff and those similarly situated would assist in rigging up and rigging down equipment.

20. Defendants exercised control over all aspects of the job duties, rates of pay, details of the work and all aspects of the job performed as to work in the shop or work in the field in frack flowback or well testing operations for oil and gas wells as to Plaintiff and other employees similarly situated. Defendants directed Plaintiff and other employees similarly situated as to the oil and gas wells where they were to perform well testing or frack flowback operations and what their schedules would be. Defendants provided the equipment to be used and specified how it was to be used. Plaintiff and other employees

similarly situated were required to comply with the policies and procedures of Defendants or the oil and gas operator who was the customer of Defendants while on the well site.

21. The work performed by Plaintiffs and other employees similarly situated in performing well testing, frack flowback and measurements was and is an integral part of Defendants' business of frack flowback operations and well testing for oil and gas operators. This work included operating oil field equipment used in frack flow back and well testing operations, regulating pressure in the oil and gas wells and controlling flow rates during the flowback operations as directed.

22. Plaintiff and those similarly situated opportunity for profit and loss was not determined by any specific managerial skill, because they were not in fact managers. No college degree or advanced technical training was required. They were field operators who performed manual labor for Defendants in furtherance of the business of Defendants.

23. The work performed by Plaintiff and other employees similarly situated included manual labor on a routine, daily basis. No special skills and initiative were required of Plaintiff and those employees similarly situated to perform the activities of performing well testing, frack flowback and measurements.

24. Plaintiff and those similarly situated were not required to purchase or provide equipment for their work. The equipment used was provided by Defendants.

25. Plaintiff and those similarly situated worked exclusively for Defendants performing the job duties of well testing and flowback operators for months or years at a time.

26. Plaintiff and other employees similarly situated were economically dependent on Defendants for their jobs in well testing and frack flowback operations and for the payments received for that work. Their earnings were directly determined and dependent

on the number of days that Defendants scheduled them to work. These decisions were made pursuant to the ultimate authority of Defendants.

27. The primary duties for Plaintiff and those similarly situated were not the performance of office or non-manual work directly related to the management or general business operations of Defendants.

28. Plaintiff did not customarily and regularly direct the work of at least two or more full time employees.

29. The primary duties of Plaintiff and those similarly situated did not include managing an enterprise, department of subdivision of the Defendants' operations.

30. The "economic reality" of the employment of Plaintiff and other employees similarly situated who performed the same jobs was that of non-exempt employees, not independent contractors, supervisors, managers, independent or executive level exempt employees.

31. Plaintiff Rene Gomez was employed by Defendants from April, 2011 through July, 2014. Plaintiff Rene Gomez would submit his invoices to Rockwater Mid-Con LLC. These invoices would be paid by Rockwater Energy Solutions, Inc.

32. During the relevant statutory period, Plaintiff Rene Gomez and similarly situated employees regularly worked over 40 hours per week without receiving just compensation for their overtime hours worked based on the standards set out in the FLSA.

33. Plaintiff submitted and was paid for 73 invoices for 168 hours per week within the three years preceding the filing of this case. He was paid a flat rate of $28.00 per hour during the relevant time period. His unpaid overtime premium would be $130,816. during the relevant period of time, which consists of $14.00 per hour for 128 hours over 73 weeks.

34. Additionally, during the relevant statutory period, Defendants failed to treat Plaintiff and other similarly situated employees in Oklahoma and Texas as non-exempt employees for overtime purposes, although their job duties and actual work performed supported this treatment. Because Defendants failed to treat and/or classify Plaintiffs as non-exempt employees under the FLSA, they failed to pay Plaintiff and those similarly situated their legally required compensation.

35. Through this lawsuit, Plaintiff seeks unpaid overtime compensation and an equal amount for liquidated damages for the three years prior to the filing date of this lawsuit up to the present for himself and for all similarly situated employees that exercise their right under the FLSA to "opt-in" to this action.

## **COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff Rene Gomez brings Count I against Defendants as an opt-in collective action for well testers employed by Defendants pursuant to 29 U.S.C. § 216(b).

37. The class of similarly situated employees sought to be certified under 29 U.S.C. § 216(b), is specifically defined as "all current and former employees of Defendant Rockwater Energy Solutions, Inc., Rockwater Mid-Con LLC and/or predecessor companies of said entities, that held positions of well testers, or similar job positions that included similar job duties, from at least July 11, 2013, through the present."

38. The precise size and identity of the group comprising similarly situated employees should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants, and their related and affiliated entities.

39. Other similarly situated employees in Texas, Oklahoma and other areas of the United States perform or have performed the same or similar work as the Plaintiff Rene Gomez. Like the Plaintiff Rene Gomez, other similarly situated employees work or worked as well testers and are paid in the same fashion as Plaintiff Rene Gomez. Further, other similarly situated employees are not exempt from receiving overtime under the Act.

40. The experiences of the Plaintiff Rene Gomez, with respect to pay, are typical of the experiences of other similarly situated employees in Texas, Oklahoma and other areas of the United States.

41. Defendants' failure to pay overtime compensation and failure to pay Plaintiff for all hours worked at the rates required by the FLSA results from a single decision, policy or plan as to those employees in Texas, Oklahoma and other areas of the United States and does not depend on the personal and individual circumstances of each collective action member or potential opt-in plaintiff.

42. Although the amount of damages may be individual in character for each opt-in plaintiff, there is a common nucleus of liability facts that applies consistently to all potential Plaintiffs, whether working in Texas, Oklahoma or other states in the United States, and therefore a collective action is the most efficient means for these issues to be resolved for Plaintiff, potential opt-in plaintiffs, and the Defendants.

## **COUNT I – VIOLATIONS OF THE FLSA**

43. Defendants violated 29 U.S.C. § 207 by misclassifying as exempt Plaintiff and other similarly situated employees. As a result, Defendants failed to provide Plaintiff Rene Gomez, and other similarly situated employees, overtime compensation, as required by 29

U.S.C. § 207, at 1.5 times the regular rate of pay for all hours worked in excess of 40 hours during a workweek.

44. Defendants permitted Plaintiff and other similarly situated employees to routinely work more than 40 hours per week without properly compensating them for all hours "suffered or permitted", as defined by 29 C.F.R. § 785.11.

45. Defendants attempted to classify Plaintiff and other similarly situated employees as "independent contractors" rather than their correct status as non-exempt employees.

46. Plaintiffs and other similarly situated employees were economically dependent on Defendants as opposed to really being in business for themselves, based upon an evaluation of the economic realities of the work arrangement.

47. The work performed by Plaintiff and those similarly situated as well testers was an integral part of the business of Defendants in oil and gas completion and production services.

48. The managerial skill of Plaintiff and those similarly situated did not affect their opportunity for profit and loss.

49. The relative investment of Plaintiff and those similarly situated was much smaller compared to that of the Defendants.

50. The work of Plaintiff and those similarly situated did not require special skill and initiative regarding managerial and business skills in the work performed for Defendants.

51. The work relationship between Plaintiff and those similarly situated and Defendants was not temporary, occasional or indefinite and indicated permanence.

52. Defendants exercised the type and extent of control over the work of Plaintiff and those similarly situated as to indicate a non-exempt employee status.

53. Plaintiff and other similarly situated employees have been damaged by these violations of the FLSA.

54. Defendants' violations of the FLSA have been willful, as defined by 29 C.F.R. § 578.2(c) because they either knew that the FLSA violations were prohibited or showed reckless disregard for the FLSA and the regulations promulgated under the Act. Defendants failed to make inquiry as to whether their treatment of Plaintiff and those similarly situated as to classification and failure to pay overtime was in compliance with the FLSA and the regulations promulgated under the Act.

## COUNT II - RETALIATION PURSUANT TO FAIL LABOR STANDARDS ACT 29 U.S.C. § 215(a)(3)

55. Plaintiff Gomez repeats the allegations contained in the above paragraphs and in paragraphs 43 through 48 and incorporate the same herein as if set forth at length.

56. Plaintiff Gomez presents a prima facie case of Fair Labor Standards Act retaliation such that: (1) Plaintiff engaged in activity protected under the act; (2) Plaintiff suffered adverse actions through an existing business relationship and by Defendants; and (3) a causal connection existed between Defendants' activity and the adverse actions.

57. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for working overtime, Plaintiff filed suit against Defendants. Subsequent to making a claim for his unpaid overtime, Defendants have interfered with Plaintiff's existing business relationship with FourPoint Energy, LLC, such that FourPoint Energy, LLC is refusing to employ Plaintiff. This is due to Defendant's interference with Plaintiff's work for FourPoint Energy, LLC, and Defendant's communication to FourPoint Energy, LLC that Plaintiff had filed an FLSA claim for overtime against the Defendants. Further, Defendant

has and continues retaliate against the Plaintiff Gomez and has interfered so that Plaintiff has not received additional work from FourPoint Energy, LLC from September 2016 to the present.

58. Defendants' retaliation has proximately caused mental anguish and emotional distress to Plaintiff.

59. This emotional injury included difficulty sleeping, depression, dietary problems and anxiety about his family.

## COUNT III – TORTIOUS INTERFERENCE

60. Plaintiff had an ongoing work relationship with FourPoint Energy, LLC through Accurate Compression & Equipment Services LLC. Plaintiff provided well testing services for FourPoint Energy, LLC through Accurate Compression & Equipment Services LLC in September, 2016. Plaintiff was working for FourPoint on Labor Day weekend and they released him halfway through the job. Based on information and belief, plaintiff believes that agents, servants and/or employees of Defendants notified Kenny Barnett, the completions foreman for FourPoint Energy, LLC of this pending FLSA lawsuit and influenced him to cause his dismissal. Plaintiff was told that any work he could do for FourPoint Energy would be required to be performed through Defendants.

61. Defendants Rockwater Energy Services, Inc. and Rockwater Mid-Con LLC knew of Plaintiff's business relationship with FourPoint Energy, LLC and intentionally interfered with this relationship.

62. Defendants 'actions in influencing FourPoint Energy, LLC to dismiss Plaintiff from work and to require Plaintiff Rene Gomez to perform any work only through the Rockwater defendants were independently tortious regardless of the effect of those actions had on

Plaintiffs business relationship with FourPoint Energy, LLC because they interfered with an existing business relationship that Plaintiff had with Four Point Energy.

63. Plaintiff suffered actual damages because Defendant's interference prevented Plaintiff from performing work for FourPoint Energy, LLC and as a result of this tortious interference, plaintiff was unable to earn income through work he would have performed for FourPoint Energy.

64. As a proximate result of Plaintiff's inability to continue work with FourPoint Energy, LLC and earn the income through that business relationship, Plaintiff suffered mental anguish and emotional distress.

65. Defendants' tortious interference was a proximate cause of injury to Plaintiff Rene Gomez which resulted in loss of income from September, 2016 to the present.

66. Defendant's actions were done knowingly and intentionally and showed reckless disregard for the rights of Plaintiff Rene Gomez, for which he seeks punitive and exemplary damages.

## DAMAGES FOR PLAINTIFF AND THOSE SIMILARLY SITUATED

67. Defendants are liable to Plaintiff and all opt-in plaintiffs for the full amount of all of their unpaid overtime compensation, together with an additional equal amount as liquidated damages, such pre-judgment and post-judgment interest as allowed by law, reasonable attorney's fees, and costs.

68. Defendants are liable to plaintiff Rene Gomez, individually, for economic, emotional and punitive and exemplary damages proximately caused by their retaliation and tortious interference with his business relationship with FourPoint Energy, LLC.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rene Gomez respectfully requests that judgment be entered in his favor and in favor of other similarly situated employees, awarding:

1. An order certifying that an action for violations of the FLSA by Defendants may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

2. Damages as appropriate and available for violations of the FLSA;

3. Enter final judgment in favor of the class for liquidated or punitive damages in an amount equal to the amount of the aggregate underpayment of wages as proven at trial;

4. Enter final judgment in favor of the class against Defendants reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorney's fees and expenses of any necessary expert witnesses;

5. Enter an order which sets forth the terms for distributing sums recovered in this action to class members, including a provision that awards to Plaintiff, as the representative party, appropriate compensation for having performed the duties of class representative;

6. Enter final judgment in favor of the class against Defendants indemnifying the class for its reasonable attorney's fees, or, in the alternative, enter an Order allowing class counsel's fees to be paid out of the common fund created as a result of this action;

7. Post-judgment interest as allowed by law;

8. Such other further relief as the Court deems just and proper, whether in law or in equity.

9. Plaintiff Rene Gomez, individually, seeks damages for loss of income proximately caused by Defendants' tortious interference with his contract with FourPoint Energy, LLC, damages for emotional distress, pre-judgment and post-judgement interest as allowed by law, punitive and exemplary damages as a result of Defendant's tortious

interference with his contract with FourPoint Energy, LLC and such other further relief as the Court deems just and proper, whether in law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on any issue triable of right by a jury.

Respectfully submitted,

*/s/John David Hart*
JOHN DAVID HART
Southern District No. 9018
Texas State Bar No. 09147700

LAW OFFICES OF JOHN DAVID HART
Wells Fargo Tower
201 Main Street, Suite 1260
Fort Worth, Texas 76102
(817) 870-2102 – Telephone
(817) 332-5858 – Facsimile
johnhart@hartlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this the 29th day of December, 2016, a true and correct copy of the above and foregoing document was served electronically through the Court's ECF System to all parties of record.

*/s/John David Hart*
JOHN DAVID HART