United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE GOMEZ, *individually and on behalf of others similarly situated*, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-16-2035 |
| ROCKWATER ENERGY SOLUTIONS, INC., ROCKWATER MID-CON, LLC, | § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Rene Gomez's motion for conditional certification. Dkt. 13. Having considered the motion, response, and the applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

Defendants Rockwater Energy Solutions, Inc. and Rockwater Mid-Con, LLC (collectively, "Defendants") provide oil and gas services. Dkt. 13. Defendants hired Gomez as a well tester and he began working for Defendants from April 2011 until July 2014. Dkt. 13, Ex. 1 at 1 (Gomez Dec.). Gomez's job duties included:

> waiting during fracturing operations in case it was necessary to flow back the well and checking well head pressures after the fracking operation was completed; adjusting the flow back chokes to maintain a certain rate of flow back fluids after fracking operations; maintaining flow rates during the drill out process for plugs in the well and check to verify that the plug catcher would not get obstructed; monitoring and verifing [sic] the flow from the well until there was enough gas to run production equipment after plugs were drilled out; assisting in rigging of sand separators brought to locations by Rockwater in the flowback process; opening the valves to production equipment and adjusting the manual choke for flow rate after there was enough gas to run production equipment; monitoring the separating equipment, tanks and monitor compressors, if on location; and assisting in rigging

>    up and rigging down equipment on occassion [sic]. Other well testers had the same
>    or similar job duties.

*Id.*

Gomez worked for Defendants in Texas and Oklahoma. *Id.* He alleges that during his time with Defendants, he worked in excess of forty hours per week and was misclassified as exempt from receiving overtime compensation. Dkts. 11, 13. Gomez claims that he submitted invoices to Rockwater Mid-Con. *Id.* He also claims that Defendants misclassified him as an independent contractor. *Id.* On July 11, 2016, Gomez filed suit against Rockwater Energy Solutions, Inc. to recover overtime wages under the Fair Labor and Standards Act ("FLSA") and later amended the complaint to name Rockwater Mid-Con, LLC as an additional defendant. 29 U.S.C. § 201; Dkts. 1, 11. Gomez filed the lawsuit both individually and on behalf of other similarly situated persons. *Id.* On December 29, 2016, Gomez filed the pending motion for conditional certification of a collective action under the FLSA. Dkt. 13. He seeks conditional certification of a collective action defined as:

>    All current and former employees of Defendants Rockwater Energy Solutions, Inc.,
>    Rockwater Mid-Con, LLC and/or predecessor companies of said entities, that held
>    positions as well testers, or held similar job positions that included similar job duties,
>    from July 11, 2013, through the present.

Dkt. 13 at 9. On January 19, 2017, Defendants filed a response in opposition to conditional certification, and in the alternative, to limit the proposed notice to well workers who operated during the same time and in the same geographic location as Gomez. Dkt. 15.

## II. LEGAL STANDARD

Section 207(a) of the FLSA prohibits an employer from requiring nonexempt employees to work in excess of forty hours in a given workweek unless the employees are compensated for the excess hours at a rate of at least one and one-half times their regular rate. 29 U.S.C. § 207 (2012).

Section 216(b) provides employees with a cause of action against employers who violate § 207. *Id.* § 216(b). Further, § 216(b) permits employees to bring collective actions on behalf of "themselves and other employees similarly situated." *Id.* Before a case may proceed as a collective action, however, the plaintiff must make an initial showing that the case is appropriate for collective action treatment.

Courts employ two different tests to determine whether to certify a collective action under the FLSA: the spurious class action *Shushan* approach or the two-step *Lusardi* approach. *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (Ellison, J.). *See generally Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). The Fifth Circuit has declined to decide which test is preferable. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003). District courts within the Fifth Circuit, including this court, have consistently applied the *Lusardi* test. *See Johnson v. Big Lots Stores, Inc.*, No. 04-CV-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA."); *see also Abdur-Rahim v. Amerom, Inc.*, No. 13-CV-2105, 2013 WL 6078955, at *2 (S.D. Tex. Nov. 19, 2013) (Miller, J.) (noting that this court has adopted the *Lusardi* test). The court finds no reason to deviate from this precedent and will therefore apply the *Lusardi* test here.

The *Lusardi* test proceeds in two stages: (1) the "notice" stage and (2) the "decertification" stage. *Moore v. Special Distribution Servs. Inc.*, No. 06-CV-3946, 2007 WL 2318478, at *2 (S.D. Tex. Aug. 8, 2007) (Harmon, J.). At the notice stage, the court determines whether to conditionally certify a collective action and notify potential class members of the opportunity to opt in to the

3

lawsuit. *Walker*, 870 F. Supp. 2d at 465. The plaintiff is required to make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Aguirre v. SBC Commc'ns, Inc.*, No. 05-CV-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (Rosenthal, J.). At the notice stage, the parties typically present only affidavits and have conducted no discovery. *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (Rosenthal, J.). However, in some cases, such as this case, the parties have taken some discovery. *Id.* In deciding whether to issue notice to potential class members, the court applies a lenient standard which typically results in conditional certification. *See Walker*, 870 F. Supp. 2d at 465 (noting that collective actions are generally favored under the FLSA). However, conditional certification is not automatic. *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508, at *5 (S.D. Tex. Dec. 22, 2009) (Ellison, J.). "A factual basis for the allegations is needed to satisfy the first step." *Perez v. Guardian Equity Mgmt., LLC*, No. 10-CV-0196, 2011 WL 2672431, at *4 (S.D. Tex. July 7, 2011) (Rosenthal, J.); *see also Hall v. Burk*, No. 01-CV-2487, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden."). If the court conditionally certifies the class and issues notice, the case proceeds as a collective action during discovery. *Walker*, 870 F. Supp. 2d at 466.

The decertification stage begins when the defendant moves to decertify the conditionally-certified class, usually after discovery is largely complete. *Mooney*, 54 F.3d at 1214. At this stage, the court reviews the information obtained during discovery and makes a factual determination regarding whether the members of the conditionally-certified class are truly similarly situated. *Id.* The plaintiff's burden is more stringent at the decertification stage than at the lenient notice stage.

*McKnight*, 756 F. Supp. 2d at 802.  If the claimants are similarly situated, the case proceeds to trial as a collective action.  *Mooney*, 54 F.3d at 1214.  If the claimants are not similarly situated, the court decertifies the collective action and dismisses the opt-in plaintiffs without prejudice.  *Id.*  The original plaintiffs then proceed to trial on their individual claims.  *Id.*

Although the parties in this case have engaged in some written discovery, discovery does not close until April 15, 2017.  Dkts. 8, 9.  Therefore, this case is not sufficiently advanced to warrant a decertification-stage analysis.  Neither party has argued that the heightened, decertification-stage analysis should apply.  Accordingly, the court will apply the *Lusardi* notice stage inquiry.

### III. ANALYSIS

At the notice stage Plaintiffs must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit."  *Aguirre*, 2006 WL 964554, at *6; *see also Ashcraft v. Core Labs., LP*, No. CV H-16-823, 2016 WL 3258369, at *1 (S.D. Tex. June 14, 2016) (Miller, J.).

The court is not persuaded that Gomez has satisfied the last prong that there are individuals who want to opt in to the suit.  Gomez alleges that there are at least fifteen well testers working for Defendants in Texas and Oklahoma who performed similar duties and were subject to the same compensation scheme.  Dkt. 13, Ex. 1 (Gomez Dec.).  He alleges that all of these well testers were non-exempt employees under the FLSA, requiring the Defendants to pay overtime compensation for any hours worked in excess of forty per week.  *Id.*

In support of his motion for conditional certification, Gomez relies solely on his own declaration.  Dkt. 13, Ex. 1 (Gomez Dec.).  Defendants argue that Gomez's declaration fails to

establish that the putative class members were subject to a similar practice or policy at all of Defendants' locations; to which no other declarations were submitted to substantiate his allegations. Dkt. 15 at 11.

The court is unpersuaded by Gomez's conclusory statement that there are other aggrieved individuals who want to opt in to the suit. *See Simmons v. T-Mobile USA, Inc.*, No. 06-CV-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) (requiring only that "*a few* similarly situated individuals seek to join the lawsuit") (emphasis added). In another case, this court granted conditional certification after the plaintiff claimed the existence of fifteen named plaintiffs and at least three unnamed plaintiffs.

> Plaintiffs have also provided at least a minimal basis for their assertions that other [workers] would wish to join the lawsuit if they knew of it; while plaintiffs' affidavits do contain some "boilerplate" language, they specifically name [workers] who were known by the declarants to have worked overtime without being paid at an overtime rate.

*Albanil v. Coast 2 Coast, Inc.*, No. CIV.A. H-08-486, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008).

Unlike in *Albanil*, Gomez merely states that he knows of other well testers, but does not identify any by name or indicate whether they would be interested in joining a suit:

> On information and belief, Plaintiff Rene Gomez is aware of at least fifteen other well testers employed by Defendants who were labeled as independent contractors, misclassified as to employment status and were not paid overtime compensation. Exhibit A at ¶ 9. Additionally, Defendants misclassified similar employees with the same policy and failed to pay them overtime in Oklahoma and Texas. Exhibit A at ¶ 10. Thus, similarly situated employees exist that may wish to join this action - if they receive notice. Plaintiff therefore request permission to issue a notice . . .

Dkt. 13 at 9. At the notice stage, evidence need not be admissible at trial, but there should be at least "some evidence." *Albanil*, 2008 WL 4937565, at *3; *see, e.g.*, *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 759–61 (N.D. Tex. 2013) ("Plaintiffs need not present evidence in a form admissible at trial

at the notice stage."); *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564, at *3 (N.D. Tex. Mar. 27, 2015) ("[M]any courts . . . have held that affidavits or declarations offered in support of motions for conditional certification need not be based on evidence that would be admissible at trial."). In his declaration, Gomez does not state, or offer any evidence that anyone else wants to opt in to this lawsuit. Therefore, his declaration alone does not satisfy the required "minimal showing" that others are interested in joining the lawsuit. Because Gomez has failed to satisfy the third prong, it is unnecessary for the court to decide whether he has satisfied the first and second prongs. Accordingly, the court cannot conditionally certify the class based on the record.

### III. CONCLUSION

For the foregoing reasons, Gomez's motion to conditionally certify a collective action and send notice to the putative class (Dkt. 13) is DENIED.

Signed at Houston, Texas on February 15, 2017.

_____
Gray H. Miller
United States District Judge